FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 18 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X

ANDRE APPOLON JR.,

                          Plaintiff          16-CV-2275 (SJ) (SMG)

    v.

                                                        ORDER ADOPTING
UNITED STATES OF AMERICA, et al.,          REPORT AND,
                                                        RECOMMENDATION

                          Defendants.

---------------------------------------------------X

APPEARANCES

KUBA LAW FIRM
321 Broadway, 4th Floor
New York, NY 10007
By:    Patrick Caston Crowley
*Attorneys for Plaintiff*

RICHARD P. DONOGHUE
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Joseph Anthony Marutollo
*Attorneys for the Government*

JOHNSON, Senior District Judge:

    Presently before the Court is the Report and Recommendation issued by Magistrate Judge Gold on September 6, 2016 (the "Report"), recommending that summary judgment be granted dismissing Plaintiff's Federal Tort Claims Act

("FTCA") claims, and that Plaintiff's Bivens claims be dismissed for lack of personal jurisdiction. Familiarity with the Report is assumed. Plaintiff timely objected and the government timely replied. (Dkts. 48 & 50.)

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 10 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon de novo review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id. The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). "[G]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." Nadolecki v. New York State Dep't of Taxation & Fin., 2011 WL 2437481, at *1 (E.D.N.Y. June 15, 2011).

Plaintiff objects to the Report because he disagrees Judge Gold's findings that his FTCA claims are time-barred, that they lack substantive merit, and that there is no personal jurisdiction as to the Bivens defendants. Plaintiff's objections largely consist of the same arguments previously made and considered by Judge

2

Gold in advance of issuing the Report. Because of this, the Court reviews the Report for clear error.

The statute of limitations for FTCA claims is two years. Immigration and Customs Enforcement ("ICE") detained Plaintiff on or about May 7, 2007, and released him on or about March 15, 2010. Plaintiff filed his administrative claim against ICE on May 26, 2015. A "false imprisonment claim starts to run when a detainee begins to be held pursuant to legal process." Watson v. United States, 865 F. 3d 123, 131 (2d Cir. 2017). Therefore, the statute of limitations on Plaintiff's false arrest cause of action accrued on May 7, 2007, the date of his detention. Even assuming Plaintiff's cause of action did not accrue until he was released from detention on March 15, 2010, the claim was still filed outside the limitations period.

Plaintiff's malicious prosecution claim is also time-barred. Even assuming that Heck v. Humphrey applies to civil immigration detention proceedings, it did not operate to bar Plaintiff's claim until he was awarded citizenship on June 4, 2014. Heck applies to extant orders or convictions. The Immigration Court terminated Plaintiff's removal proceedings on February 7, 2013, noting that Plaintiff was a derivative United States citizen. Thus, Plaintiff's malicious prosecution claim accrued on February 7, 2013. See Flores v. United States, 2016 WL 6094187, at *6 (E.D.N.Y. Sept. 30, 2016) (holding that claim accrued when immigration judge confirmed plaintiff's status as a legal permanent resident, and

3

not on later date when plaintiff received an approval notice from USCIS). For the same reason, the remainder of Plaintiff's FTCA claims are time-barred.

It is unnecessary to determine whether a <u>Bivens</u> remedy exists for Plaintiff's Fourth and Fifth Amendment claims. Plaintiff's <u>Bivens</u> claims fail for lack of personal jurisdiction over the individual defendants, as none of the requisite factors for exercising personal jurisdiction are present here. <u>See</u> N.Y. C.P.L.R. § 302(a).

After reviewing the Report and the parties' submissions and finding no clear error, the Court accepts Judge Gold's well-reasoned recommendations. Accordingly, the Report is affirmed in its entirety.

SO ORDERED.

Dated: January 11, 2018
      Brooklyn, New York

/s/(SJ)
Sterling Johnson, Jr. U.S.D.J.